IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  | * |  |
|---|---|---|
| BRUNO MPOY ET AL., | * | |
| Plaintiffs, | * | |
| v. | * | |
| | * | Civil No. 25-4116-BAH |
| MONTGOMERY COUNTY, MD, ET AL., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM & ORDER</u>**

The above-captioned action was recently reassigned from Judge Chuang to the undersigned. *See* ECF 13.[1] The operative amended complaint in this case, ECF 9, overlaps significantly with the amended complaint in Civ. No. 23-1927-BAH, *see* Civ. No. 23-1927-BAH, ECF 38. In that complaint, Plaintiffs Bruno K. Mpoy ("Mpoy") and Theodora Mpoy ("Theodora") named as defendants the State of Maryland, Montgomery County, Marcy Waxman, Re/Max Realty Group, Farrokh Mohammadi, Mohammadi & Humayun, LLC, C.L.A. Title & Escrow ("CLA Title"), Sharon T. Diamant, Esq., Diamant Gerstein, LLC, Dontrice P. Hamilton, Susan M. Bryant, Kathryn M. Huff, Captain Robin Lewis (in her personal and official capacities as a Montgomery County Sheriff's Department employee), Corey Ryan Clifford (in his personal and official capacities as a Montgomery County Sheriff's Department employee), Kevin Borge (in her personal and official capacities as a Montgomery County Sheriff's Department employee), Brad Morton (in his personal and official capacities as a Montgomery County Sheriff's Department employee), Ralph Aloi (in his personal and official capacities as a Montgomery County Sheriff's Department

---

[1] Unless otherwise specified, citations to ECF docket numbers refer to docket entries in Civ. No. 25-4116-BAH.

employee), Frank D. Pruitt (in his personal and official capacities as a Montgomery County Sheriff's Department employee), Lenworth W. Black (in his personal and official capacities as a Montgomery County Sheriff's Department employee) (all Sheriff's Department employee defendants are collectively referred to as "Sheriff Defendants"), Madhuri Perera (in her personal and official capacities as a Montgomery County Department of Health and Human Services employee), Denise Anderson (in her personal and official capacities as a Montgomery County Department of Health and Human Services employee), Cesar Ivan Eloisa (in her personal and official capacities as a Department of Housing and Community Affairs employee), Tamala Robinson (in her personal and official capacities as a Department of Housing and Community Affairs employee), Karen Lemus (in her personal and official capacities as a Montgomery County Department of Health and Human Services employee), two Jane Does (in their personal and official capacities as Montgomery County Department of Health and Human Services employees), Joe Oden (in his personal capacity as the General Manager of Days Inn), Officer M. Brkovich (in his personal and official capacities as a Montgomery County police officer), and Officer John Doe (in his personal and official capacities as a Montgomery County police officer). *See id.* at 1–4. Mpoy brought the following claims:

- a 42 U.S.C. § 1983 claim against Defendants Aloi, Borge, Black, Clifford, Morton, Pruitt, Lemus, Jane Doe No. 1, Jane Doe No. 2, Waxman, Brkovich and John Doe for violation of his Fourth Amendment Rights when the defendants allegedly entered his home and private motel room (count I), *id.* at 39–40 ¶¶ 267–74;

- a § 1983 claim for violation of his Fifth Amendment Rights against Defendants Aloi, Borge, Black, Clifford, Morton, Pruitt, Lemus, Jane Doe No. 1, Jane Doe No.2, and Waxman alleging that he was deprived of his property without adherence to procedures laid out in Maryland statutes (count II), *id.* at 40–41 ¶¶ 275–81;

- a § 1983 claim for violation of his Fourteenth Amendment Rights against Defendants Aloi, Borge, Black, Clifford, Morton, Pruitt, Lemus, Jane Doe No. 1, Jane Doe No. 2, Waxman, Mohammadi, CLA Title, Brkovich, and John Doe (count III), *id.* at 41–42 ¶¶ 282–91;

- a claim for violation of Article 24 of the Maryland Declaration of Rights against Defendants Mohammadi, Waxman, CLA Title, Aloi, Borge, Black, Clifford, Morton, Pruitt, Lemus, Jane Doe No. 1, Jane Doe No. 2, Brkovich and John Doe (count IV), *id.* at 42–44 ¶¶ 292–300;

- a 42 U.S.C. § 1985 claim against all Defendants (count V), *id.* at 44 ¶¶ 301–04;

- an intrusion upon seclusion claim against Defendants Aloi, Borge, Black, Clifford, Morton, Pruitt, Waxman, Brkovich and John Doe (count VI), *id.* at 44–45 ¶¶ 305–10;

- a § 1983 claim for unlawful seizure of his house and cars in violation of the Fourth, Fifth, and Fourteenth Amendments against Defendants Aloi, Borge, Black, Clifford, Morton, Pruitt, and Montgomery County (count VII), *id.* at 45–46 ¶¶ 311–19;

- a claim for violations of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act against Montgomery County (count VIII), *id.* at 46–48 ¶¶ 320–36;

- a claim for wrongful arrest in violation of the Fourth Amendment against Defendants Brkovich and John Doe (count IX), *id.* at 49 ¶¶ 337–42;

- a claim for defamation by conduct, slander, and libel against all Defendants (count X), *id.* at 49–50 ¶¶ 343–48;

- a claim for violation of 11 U.S.C. § 362 against Montgomery County (count XI), *id.* at 50–51 ¶¶ 349–53;

- a common law fraud claim against Waxman and CLA Title & Escrow (count XII), *id.* at 51 ¶¶ 354–58;

- a common law theft claim against Waxman and CLA Title & Escrow (count XIII), *id.* at 52 ¶¶ 359–62;

- a gross negligence claim against all Defendants (count XIV), *id.* at 52–53 ¶¶ 363–72;

- another claim for violation of Article 24 of the Maryland Declaration of Rights against Defendants Brkovich, John Doe, Joe Oden (count XV), *id.* at 53–54 ¶¶ 373–77;

- a claim for violation of the Fourth Amendment based on "invasion of privacy" against the Sheriff Defendants and Montgomery County for the impoundment of Mpoy's vehicles (count XVI),[2] *id.* at 54 ¶¶ 378–79;

---

[2] The Court construed this claim as being brought pursuant to § 1983. *See* Civ. No. 23-1927-BAH, ECF 37, at 8 n.5.

3

- a § 1983 claim for violation of Md. Code Ann., Real Prop. § 14-132(c) against Waxman, Sheriff Defendants, Lemus, Jane Doe 1, and Jane Doe 2 (count XVII), *id.* at 54–55 ¶¶ 380–85;

- a trespass to chattel claim against unspecified "Defendant(s)" (count XVIII), *id.* at 55 ¶¶ 386–90;

- a § 1983 claim for intentional tort of conversion against Defendants Waxman, Mohammadi, and CLA Title (count XIX), *id.* at 55–56 ¶¶ 391–95;

- a § 1983 claim for unjust enrichment against Defendants Montgomery County, the Sheriff Defendants, Waxman, Mohammadi, Diamant, Hamilton, and Bryant (count XXI[3]), *id.* at 56–57 ¶¶ 396–99; and

- a § 1983 for violation of Md. Code Ann., Real Prop. § 10-708 against Defendants Waxman and CLA Title (count XX), *id.* at 57 ¶¶ 400–03.

The Court screened the complaint pursuant to its obligation under 28 U.S.C. § 1915 and dismissed Defendants State of Maryland, Re/Max Realty Group, Farrokh Mohammadi, Mohammadi & Humayun, LLC, CLA Title, Sharon T. Diamant, Diamant Gerstein, LLC, Dontrice P. Hamilton, Susan M. Bryant, Kathryn M. Huff, and Joe Oden, and counts V, VIII, X,[4] XII, XIII, XIV, XVI, XVII, XIX, XXI, and XX.  *See* Civ. No. 23-1927-BAH, ECF 37, at 22.  The Court also dismissed Theodora as a plaintiff as she did not appear to actually assert any claims.  *See id.* at 21.  The case was ultimately dismissed without prejudice on December 9, 2025, because Mpoy submitted summonses for only some defendants, *see* Civ. No. 23-1927-BAH, ECF 39, and did not

---

[3] The amended complaint had listed this claim as a second count "XIX," so the Court relabeled it as count XXI.  *See* Civ. No. 23-1927-BAH, ECF 37, at 8 n.7.

[4] The conclusion of the Court's order erroneously named count XI, the bankruptcy stay violation claim, rather than count X, the defamation claim.  *See* Civ. No. 23-1927-BAH, ECF 37, at 22.  The body of the order makes clear that the defamation claim was dismissed.  *See id.* at 12–13.

submit U.S. Marshal service of process forms as directed. *See* Civ. No. 23-1927-BAH, ECFs 41 and 43.[5]

The above-captioned case was filed three days later on December 12, 2025, and randomly assigned to a different judge of this Court as the two cases were not marked as related. Mpoy brings suit against the very same defendants he initially named in the prior action's amended complaint. *Compare* ECF 9 in Civ. No. 25-4116-BAH, *with* ECF 37 in Civ. No. 23-1927. Plaintiffs Theodora and Crispin Mpoy also purport to bring claims, though which claims they bring and against whom is not entirely clear.[6] Despite the Court's dismissal of certain claims and defendants, Mpoy now brings nearly identical claims against the exact same defendants, including defendants previously dismissed. From the best the Court can tell, the claims brought in Civ. No. 25-4116-BAH differ from the previous claims in the following ways:

- Count II (the § 1983 Fifth Amendment claim) includes additional allegations against Mohammadi based on a violation of Mpoy's Fifth Amendment rights "not to be compelled to testify against [one]self, to benefit from the assistance of counsel, and to compel witness in his favor," ECF 9, at 29 ¶ 174;

- Count III (the § 1983 Fourteenth Amendment due process claim) includes several more facts about Defendants Huff and Bryant, asserting that they "repeatedly stopped Mpoy from buying out the interest of his ex-wife in their family home through mediation at the Appellate Court of Maryland and therefore deprived him of the equal protection of the laws," *id.* at 30 ¶ 179;

- Count IX (wrongful arrest in violation of the Fourth Amendment against Defendants Brkovich and John Doe) is now brought expressly pursuant to § 1983, *id.* at 34–35 ¶¶ 197–98;

---

[5] Mpoy was apparently able to file these forms in this action. *See* ECF 10 (ordering Plaintiffs to complete the U.S. Marshal forms for each defendant and that the Clerk issue the summonses with the U.S. Marshal forms when submitted); ECF 11 (summonses and U.S. Marshals issued by the Clerk).

[6] As before, there are sections of the instant amended complaint purportedly brought by Theodora and Crispin Mpoy. *See* ECF 9, at 40–43 ¶¶ 224–34. However, each individual claim appears to have been brought by only Mpoy, as the allegations refer to "Plaintiff" and "Mpoy" in the singular. *See generally id.* at 28–39 ¶¶ 171–223.

- Count XV is now brought pursuant to Article 26 of the Maryland Declaration of Rights, not Article 24, *id.* at 37 ¶¶ 211–12;

- Count XVI (the Fourth Amendment claim for "invasion of privacy" against the Sheriff Defendants and Montgomery County) is now brought pursuant to § 1983 and seeks to vindicate harm allegedly suffered when these defendants "forcibly entered [Mpoy's] residence without a warrant or valid writ of possession," *id.* at 38 ¶¶ 213–14;

- Three counts previously brought pursuant to § 1983 ((1) Count XVII – for violation of Md. Code Ann., Real Prop. § 14-132(c) against Waxman, the Sheriff Defendants, Lemus, Jane Doe 1, and Jane Doe 2; (2) Count XIX – for intentional tort of conversion against Waxman, Mohammadi, and CLA Title; and (3) what is now Count XX – for unjust enrichment against Defendants Montgomery County, the Sheriff Defendants, Waxman, Mohammadi, Diamant, Hamilton, and Bryant) are now brought as standalone claims, not claims under § 1983, *id.* at 38 ¶¶ 215–17, at 39 ¶¶ 220–23

- Count XVIII (the trespass to chattel claim) now appears to be brought specifically against Defendants Waxman, Lemus, Jane Doe No 1, Jane Doe No 2, Aloi, Borge, Black, Clifford, Morton, and Pruitt, rather than unspecified "Defendant(s)," *id.* at 38–39 ¶¶ 218–219; and

- Mpoy no longer brings a claim for violation of Md. Code Ann., Real Prop. § 10-708 (which had been count XX), *see generally id.*

I.      **SECTION 1915 SCREENING OF THE OPERATIVE COMPLAINT**

For the same reasons articulated in Civ. No. 23-1927-BAH, pursuant to 28 U.S.C. § 1915, counts V (the § 1985 claim), VIII (the ADA and Rehabilitation Act claim), X (the defamation claim), XII (the common law fraud claim), XIII (the common law theft claim), XIV (the gross negligence claim), and XVI (the duplicative Fourth Amendment claim) are dismissed.  Defendants State of Maryland, Re/Max Realty Group, Farrokh Mohammadi, Mohammadi & Humayun, LLC, CLA Title, Sharon T. Diamant, Diamant Gerstein, LLC, Dontrice P. Hamilton, Susan M. Bryant, Kathryn M. Huff, and Joe Oden are also dismissed for the same reasons previously articulated. The minor additional detail (such as the allegations against Huff and Bryant regarding count III) does not cure the deficiencies previously identified.  The remaining claims, including new or amended claims, will be narrowed as described below.

Count II, the § 1983 Fifth Amendment claim, must also be summarily dismissed.  First, as against Mohammadi, Mpoy appears to allege that Mohammadi infringed his Fifth Amendment right against self-incrimination and right to counsel.  *See* ECF 9, at 29 ¶ 174.  Mohammadi's "representation of Mpoy's ex-wife in the divorce proceedings . . . is not sufficient to make him a state actor."  Civ. No. 23-1927-BAH, ECF 37, at 16 (citations omitted).  Further, the Fifth Amendment's protections are plainly inapplicable in the context of Mpoy's divorce proceedings. Mpoy has not alleged that any compelled statements have been used against him in a criminal case. "Fourth Circuit precedent dictates that the right [against self-incrimination under the Fifth Amendment] is not violated until the coerced statements are used against the speaker at a criminal trial."  *Young v. Nicholson*, No. 7:23-CV-00258, 2024 WL 4224959, at *4 (W.D. Va. Sept. 18, 2024) (collecting case and dismissing § 1983 claim based on Fifth Amendment self-incrimination where plaintiff did not allege that any "incriminating statements were used against him at a criminal trial"); *cf. Salinas v. Texas*, 570 U.S. 178, 189 (2013) ("[P]opular misconceptions notwithstanding, the Fifth Amendment guarantees that no one may be 'compelled in any criminal case to be a witness against himself'; it does not establish an unqualified 'right to remain silent.'"). As to the right to counsel, there is no right to counsel in civil proceedings, *see, e.g.*, *Lloyd v. Elliott*, 89 F.3d 828 (Table) (4th Cir. 1996), and  "[a]bsent custodial interrogation, there is no infringement on the [criminal] suspect's Fifth Amendment rights," *United States v. Hornsby*, 666 F.3d 296, 309 (4th Cir. 2012) (citing *Edwards v. Arizona*, 451 U.S. 477, 486 (1981)).

As to the Fifth Amendment due process claim against the other defendants named in this count, crucially, none of them are federal actors, which is necessary to trigger Fifth Amendment

due process protections.[7] *See Pub. Utilities Comm'n of D.C. v. Pollak*, 343 U.S. 451, 461, (1952) (noting that the Fifth Amendment "appl[ies] to and restrict[s] only the Federal Government"); *Blankumsee v. Galley*, Civ. No. PWG-15-837, 2016 WL 270073, at *6 n.8 (D. Md. Jan. 21, 2016) (citing *Schlesinger v. Ballard,* 419 U.S. 498, 500 n.3 (1975)) (noting that Fifth Amendment due process protection did not apply in that case because the defendants were all state actors). Plaintiff's due process allegations are properly considered through his claims brought under the Fourteenth Amendment.

The conversion claim Mpoy now brings against Waxman Mohammadi, and CLA Title (count XIX) will also be dismissed.  The Court previously construed Mpoy's "common law theft" claim brought against Waxman and CLA Title (and brought again here) as a claim for conversion. Civ. No. 23-1927-BAH, ECF 37, at 14.  The claim was dismissed because the allegations did "not describe the requisite mental state or even point to any specific acts of" the defendants against whom this action was brought."  *Id.*  The same is true again.  Mpoy alleges that "Defendants Waxman, Mohammadi, and CLA Title & Escrow converted Mpoy's money for their own benefit to his detriment. As a result, Mpoy suffered monetary damages."  ECF 9, at 39 ¶ 221.  These allegations are not sufficient to state a claim for conversion, so the claim will be summarily dismissed pursuant to 28 U.S.C. § 1915.

Mpoy brings an unjust enrichment claim against Defendants "Montgomery County and individual sheriffs to be specifically identified during discovery [for] enrich[ing] themselves unjustly when they dispossessed Mpoy of his Mercedes and BMW vehicles unlawfully and

---

[7] Had Mpoy alleged a "takings clause" violation, that claim could be actionable against state actors, but he does not allege such a claim.  *See Qwest Commc'ns Corp. v. City of Greensboro*, 440 F. Supp. 2d 480, 494 n.9 (M.D.N.C. 2006) ("The 'takings clause' of the Fifth Amendment does apply to the States through the Fourteenth Amendment, but Plaintiff does not allege a Fifth Amendment 'taking' in the Complaint." (citing *Dolan v. City of Tigard,* 512 U.S. 374, 383 (1994))).

profited from the impoundment and sale thereof." ECF 9, at 39 ¶ 223. He alleges unjust enrichment against Waxman and Mohammadi based on their alleged "agree[ment] with each other and with others to use state power to take forcibly money from Mpoy's home equity." *Id.* Finally, he alleges that "Defendants Diamant, Hamilton, and Bryant enriched themselves unjustly to the detriment of Mpoy when they, individually, agreed with Mohammadi, Waxman, and other individuals to take Plaintiff's money without rendering the services they promised." *Id.* This claim will be summarily dismissed as brought against Defendants Waxman, Mohammadi, Diamant, Hamilton, and Bryant.

A Maryland claim for unjust enrichment contains three elements: (1) "[a] benefit conferred upon the defendant by the plaintiff"; (2) "(a)n appreciation or knowledge by the defendant of the benefit"; and (3) "[t]he acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *Hill v. Cross Country Settlements, LLC*, 936 A.2d 343, 351 (Md. 2007) (quoting *Berry & Gould, P.A. v. Berry*, 757 A.2d 108, 113 (Md. 2000)). At the same time, the doctrine of unjust enrichment "may not be reduced neatly to a golden rule." *Id.* "A successful unjust enrichment claim serves to 'deprive the defendant of benefits that in equity and good conscience he ought not to keep, even though he may have received those benefits quite honestly in the first instance, and even though the plaintiff may have suffered no demonstrable losses.'" *Id.* at 352 (quoting *Dep't of Hous. & Cmty. Dev. v. Mullen,* 886 A.2d 900, 921 (Md. App. 2005)). "To sustain an unjust enrichment claim, a plaintiff must have provided an actual benefit to the defendant. '[M]erely alleging one's own loss is not enough.'" *Froelich v. Erickson*, 96 F. Supp. 2d 507, 524 (D. Md. 2000) (quoting *Kline v. Signet Bank,* 651 A.2d 442, 445 (Md. App. 1995)), *aff'd sub nom. Froelich v. Senior Campus Living, LLC*, 5 F. App'x 287 (4th Cir. 2001). "Also, when an express

contract is present, the plaintiff cannot recover under the theory of unjust enrichment." *Id.* (citing *Bright v. QSP, Inc.,* 20 F.3d 1300, 1306 (4th Cir. 1994)).

Plaintiff's allegations are too conclusory to state a claim for unjust enrichment against Waxman, Mohammadi, Diamant, Hamilton, and Bryant.  He has not alleged what benefit he provided to Waxman or Mohammadi personally.  Further, the Court previously took judicial notice of the fact that Hamilton, Bryant, and Diamant (and the firm Diamant Gerstein, LLC) were Mpoy's own former counsel in Mpoy's state divorce proceeding.  *See* Civ. No. 23-1927-BAH, ECF 37, at 3.  Even assuming that the benefit Mpoy provided these defendants was money, this money would presumably have been paid pursuant to a contract for "services they promised."  ECF 9, at 39 ¶ 223.  An unjust enrichment claim is therefore not actionable here.

In sum, the Court summarily dismisses in whole counts II (the Fifth Amendment claim), V (the § 1985 claim), VIII (the ADA and Rehabilitation Act claim), X (the defamation claim), XII (the common law fraud claim), XIII (the common law theft claim), XIV (the gross negligence claim), XVI (the duplicative Fourth Amendment claim), and XIX (conversion).  Count XX (the unjust enrichment claim) is dismissed in part as against Waxman, Mohammadi, Diamant, Hamilton, and Bryant.  The State of Maryland, Re/Max Realty Group, Farrokh Mohammadi, Mohammadi & Humayun, LLC, CLA Title, Sharon T. Diamant, Diamant Gerstein, LLC, Dontrice P. Hamilton, Susan M. Bryant, Kathryn M. Huff, and Joe Oden are also dismissed.  Despite previously dismissing Plaintiff Theodora in the prior case, the Court will liberally construe the operative complaint here and let Theodora and Crispin remain as parties to the case.  *See Nichols v. Bumgarner*, 173 F.4th 511, 519 (4th Cir. 2026) (advising that liberal construction of pro se complaints includes how a court interprets which parties are implicated in a claim).

The following claims alleged in the amended complaint, ECF 9, remain:

10

- Count I (§ 1983 Fourth Amendment claim) against Defendants Aloi, Borge, Black, Clifford, Morton, Pruitt, Lemus, Jane Doe No. 1, Jane Doe No. 2, Waxman, Brkovich and John Doe;

- Count III (§ 1983 Fourteenth Amendment claim) against Defendants Aloi, Borge, Black, Clifford, Morton, Pruitt, Lemus, Jane Doe No. 1, Jane Doe No. 2, Waxman, Brkovich, and John Doe;

- Count IV (Article 24 claim) against Defendants Waxman, Aloi, Borge, Black, Clifford, Morton, Pruitt, Lemus, Jane Doe No. 1, Jane Doe No. 2, Brkovich and John Doe;

- Count VI (intrusion upon seclusion claim) against Defendants Aloi, Borge, Black, Clifford, Morton, Pruitt, Waxman, Brkovich and John Doe;

- Count VII (§ 1983 claim for unlawful seizure of his house and cars in violation of the Fourth, Fifth, and Fourteenth Amendments) against Defendants Aloi, Borge, Black, Clifford, Morton, Pruitt, Waxman, and Montgomery County;

- Count IX (Fourth Amendment wrongful arrest) against Defendants Brkovich and John Doe;

- Count XI (11 U.S.C. § 362 claim) against Montgomery County;

- Count XV (Article 26 claim) against Defendants Brkovich, and John Doe;

- Count XVII (violation of Md. Code Ann., Real Prop. § 14-132(c)) against Defendants Waxman, the Sheriff Defendants, Lemus, Jane Doe No. 1, and Jane Doe No. 2;

- Count XVII (trespass to chattel) against Defendants Waxman, Lemus, Jane Doe No. 1, Jane Doe No. 2, Aloi, Borge, Clifford, Morton, and Pruitt;

- Count XX (unjust enrichment) against the Sheriff Defendants and Montgomery County.

To be clear, the parties should not read into the fact that certain claims have not been summarily dismissed pursuant to 28 U.S.C. § 1915. The Court does not intend to insinuate that any surviving claims necessarily will survive a motion to dismiss, should the remaining defendants file any. The parties are free to litigate the remaining claims as they see fit.

II.    **CONCLUSION AND ORDER**

11

For the foregoing reasons, it is this 4th day of June, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The amended complaint, ECF 9, IS CIRCUMSCRIBED as described herein;

2. Counts II (the Fifth Amendment claim), V (the § 1985 claim), VIII (the ADA and Rehabilitation Act claim), X (the defamation claim), XII (the common law fraud claim), XIII (the common law theft claim), XIV (the gross negligence claim), XVI (the duplicative Fourth Amendment claim), and XIX (conversion) are DISMISSED IN WHOLE;

3. Count XV (the Article 26 claim) is DISMISSED IN PART as against Oden;

4. Count XX (the unjust enrichment claim) is DISMISSED IN PART as against Waxman, Mohammadi, Diamant, Hamilton, and Bryant;

5. Defendants State of Maryland, Re/Max Realty Group, Farrokh Mohammadi, Mohammadi & Humayun, LLC, CLA Title, Sharon T. Diamant, Diamant Gerstein, LLC, Dontrice P. Hamilton, Susan M. Bryant, Kathryn M. Huff, and Joe Oden ARE DISMISSED from this action and need not answer the amended complaint regardless of whether service has been effectuated on them;

6. The Clerk SHALL SEND a copy of this memorandum and order to Plaintiffs Bruno, Theodora, and Crispin Mpoy and counsel of record.

/s/

Brendan A. Hurson
United States District Judge